UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER,<br><br>    Plaintiff,<br><br>  v.<br><br>M. STOLLER, et al.,<br><br>    Defendants. | No. 2:16-cv-2143 CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

/////

1  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
3       The court is required to screen complaints brought by prisoners seeking relief against a
4  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
8       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14  Cir. 1989); Franklin, 745 F.2d at 1227.
15       In order to avoid dismissal for failure to state a claim a complaint must contain more than
16  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
17  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
18  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
20  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
21  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
22  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
23  at 678.  When considering whether a complaint states a claim upon which relief can be granted,
24  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
25  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
26  U.S. 232, 236 (1974).
27       The court has conducted the required screening of plaintiff's complaint and finds the
28  allegations so vague and conclusory that it fails to state a claim upon which relief can be granted.

Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

In order to state a claim upon which relief can be granted under 42 U.S.C. § 1983, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must allege in specific terms how each named defendant is involved and there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The allegations in plaintiff's complaint at least implicate several Constitutional principles. In drafting his amended complaint, plaintiff should be aware of the following:

In Meachum v. Fano, 427 U.S. 215 (1976), the United States Supreme Court explicitly held that prisoners do not have a Constitutional right to be housed at a particular prison within a state's prison system. Accordingly, the court generally cannot order a department of corrections to transfer a prisoner to a different facility.

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.

Plaintiff has a constitutional right of access to the courts and prison officials may not generally actively interfere with his right to litigate. Silva v. Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). To state a viable claim for denial of access to courts, plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996).

In order to state a cognizable claim for violation of due process with respect to prison conditions, plaintiff must allege facts which suggest he was deprived of a protected liberty

1  interest.  Such liberty interests are "generally limited to freedom from restraint which, while not
2  exceeding the sentence in such an unexpected manner as to give rise to protection by the Due
3  Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant
4  hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515
5  U.S. 472, 484 (1995).

6  Prisoners maintain First Amendment rights while in prison, but those rights may be
7  curtailed.  Generally, limitations on the right to free speech will be upheld as long as the
8  limitation is reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78,
9  79 (1987).

10  Prison officials generally cannot retaliate against inmates for exercising First Amendment
11  rights.  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's First
12  Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a
13  finding that "the prison authorities' retaliatory action did not advance legitimate goals of the
14  correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532.
15  The plaintiff bears the burden of pleading and proving the absence of legitimate correctional
16  goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

17  Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
18  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
19  complaint be complete in itself without reference to any prior pleading.  This is because, as a
20  general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
21  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
22  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
23  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

24  In accordance with the above, IT IS HEREBY ORDERED that:

25  1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

26  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
27  shall be collected and paid in accordance with this court's order to the Director of the California
28  Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  November 23, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
warn2143.14