UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER, | No. 2:16-cv-2143 CKD P |
| Plaintiff, | |
| v. | ORDER |
| M. STOLER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. He has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

On November 23, 2016, the court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). The court found plaintiff's original complaint fails to state a claim upon which relief can be granted. The original complaint was dismissed with leave to file an amended complaint and with guidance and instructions as to the contents of the amended complaint. Plaintiff has now filed an amended complaint. The court has reviewed the amended complaint and finds that it also fails to state a claim upon which relief can be granted for essentially the same reasons as the original.

Good cause appearing, plaintiff will be given one final opportunity to cure the defects in his pleadings. Plaintiff should review the court's November 23, 2016 order, and review the legal

1

principles identified therein, in determining whether he should file a second amended complaint. If he elects to do so, he must adhere to all instructions given in the order. Plaintiff is further advised as follows:

1. Generally speaking, there are two types of denial of access to courts claims: 1) those involving the right to assistance through, among other things, provision of legal materials or legal advice; and 2) those involving the literal denial of access to the courts, e.g. not permitting an inmate to communicate with a court. Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) overruled on other grounds in Coleman v. Tollefson, 135 S. Ct. 1759, 1763-64 (2015). With respect to an inmate's challenge to his conviction or sentence and with respect to actions under 42 U.S.C. § 1983 for violations of civil rights, some affirmative assistance is required. Lewis v. Casey, 518 U.S. 343, 354 (1996). With respect to other civil actions, inmates have the more minimal right to not literally be denied access through the erection of barriers to claims that have a reasonable basis in law or fact. Silva, 658 F.3d at 1102-03. In either case, the right to access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002).

2. Plaintiff's second amended complaint cannot exceed 20 pages. Further, plaintiff must be careful not to include irrelevant background information or other information which is not material to any claim upon which this court can grant relief. Plaintiff must be mindful that Rule 8(a)(2) of the Federal Rules of Civil Procedure demands "a short and plain statement of the claim showing that the pleader is entitled to relief" giving "the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

3. Plaintiff may handwrite his second amended complaint, but he must write legibly; his amended complaint is, at times, not legible.

Once again, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file a second amended complaint in accordance with this order will result in dismissal.

Dated:  July 27, 2017

_CAROLYN K. DELANEY_
UNITED STATES MAGISTRATE JUDGE

1
warn2143.14(2)

3