UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL WARNER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. STOLER, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-2143 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On July 27, 2017, the court screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a). The court found that the amended complaint, as with the original, fails to state a claim upon which relief can be granted. The amended complaint was dismissed with leave to file a second amended complaint and plaintiff was provided with guidance and instructions as to the contents of the second amended complaint. Plaintiff has now filed a second amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94, and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his second amended complaint, plaintiff claims that he is being denied access to a law library and his "personal legal property" by certain defendants "prejudiced the plaintiff in two active civil litigations." ECF No. 19 at 15. However, plaintiff does not explain how he was prejudiced and he does not allege he was ever actually denied access to any court. While prisoners do have a right to access courts which arises under the First Amendment, Lewis v. Casey, 518 U.S. 343, 350 (1996), they do not have a freestanding right to access a law library, id. at 351.

Plaintiff also claims retaliation for complaints made by him concerning conditions of confinement. However, these retaliation claims are not adequately supported as plaintiff fails to point to specific facts which reasonably link adverse actions not taken in furtherance of legitimate correctional goals with protected activity, such as filing prisoner grievances. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Finally, plaintiff claims certain defendants denied him adequate mental health treatment. But plaintiff fails to allege facts suggesting he suffered injury because of any defendant's deliberate indifference to known mental health problems. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

1       For the reasons stated above, plaintiff's second amended complaint fails to state a claim upon which relief can be granted. On two occasions, the court has provided plaintiff with guidance as to the deficiencies with his claims and, in particular, the court informed plaintiff that his claims were too vague and lacking sufficient factual support. Despite the court's instructions, plaintiff has not been able to allege facts amounting to a claim upon which he can proceed. For these reasons, granting plaintiff leave to amend a third time appears futile.

      Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case; and

      IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 29, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
warn2143.14(2)